Ms. Sonja Knighton City Attorney for Miami Gardens 501 Northeast 8th Street Fort Lauderdale, Florida 33304
Dear Ms. Knighton:
As the City Attorney for the City of Miami Gardens you have asked for my opinion on substantially the following questions:
1. Is a municipality authorized to monitor a community development district created pursuant to Chapter 190, Florida Statutes?
2. If a municipality is authorized to monitor a community development district, can the municipality charge an annual fee for that service?
According to your letter you believe that municipalities are authorized by Chapter 190, Florida Statutes, to perform some type of "monitoring" function on community development districts operating within their municipal boundaries. You also assert that municipalities have a general obligation to their citizens and the residents and landowners residing in that community development district to insure that the district is managed in a sound fiscal manner. Among the "monitoring" duties the city contemplates is a review by the city of the district's proposed operating and capital budget and a review of the district's infrastructure to determine whether it is being appropriately maintained.[1]
Chapter 190, Florida Statutes, is the "Uniform Community Development District Act of 1980."[2] In adopting the act, the Legislature expressed its concern that there was a need for uniform procedures in state law to authorize the establishment of community development districts to provide for the planning, management, and financing of capital infrastructure.[3]
Section 190.011, Florida Statutes, provides the general corporate powers that community development districts may exercise, including the authority to contract, apply for retirement coverage for employees, borrow money and adopt administrative rules for the district. Special powers of the districts are provided for in section 190.012, Florida Statutes, which recognizes that a community development district may finance, establish, construct, equip, operate, and maintain systems and facilities for basic infrastructures of the district. These basic infrastructures may include water management and control facilities, water supply, sewer, and wastewater management systems, bridges or culverts within the district, and district roads, and remediation of environmental contamination within the district.[4]
Chapter 190, Florida Statutes, provides the exclusive and uniform method for the creation and operation of community development districts. As section 190.002(3), Florida Statutes, makes clear, the act is intended to "authorize a uniform procedure by general law" to establish community development districts as an alternative method to manage and finance basic services for community development." Section 190.003(6), defining "Community development district" states that this term means "a local unit of special-purpose government . . . the formation, powers, governing body, operation, duration, accountability, requirements for disclosure, and termination of which are as required by general law."
The Uniform Community Development District Act constitutes a preemption of this area of the law.[5] The act contains provisions authorizing the enforcement of the chapter and penalties for its violation.[6] Nothing in Chapter 190, Florida Statutes, relating to the creation and operation of community development districts authorizes a municipality to monitor a community development district, nor is there any statutory language in Chapter 190, Florida Statutes, authorizing the assessment of "monitoring fees" against the districts by a municipality.[7]
Further, while municipalities possess broad home rule powers,[8]
section 166.021(3)(c), Florida Statutes, implementing those constitutional powers provides that a municipality may not legislate on "[a]ny subject expressly preempted to state . . . government by the constitution or by general law[.]" Thus, as Chapter 190, Florida Statutes, has expressly designated a preemption to the state of legislation relating to community development districts, a municipality has no home rule power to act outside its parameters.[9]
Therefore, it is my opinion that a municipality has no authority to monitor a community development district created pursuant to Chapter 190, Florida Statutes. In light of my answer to your first question, no response to your second question is necessary.
Sincerely,
Attorney General Charlie Crist
CC/tgh
[1] See, Memorandum from Sonja Knighton to Gerry Hammond dated Septermber 13, 2004.
[2] Section 190.001, Fla. Stat.
[3] Section 190.002(1)(a), Fla. Stat.
[4] Section 190.012(1)(a) — (g), Fla. Stat.
[5] See s. 190.004, Fla. Stat.
[6] See s. 190.036, Fla. Stat. (recovery of delinquent charges); s.190.037, Fla. Stat., (discontinuance of service); s. 190.041 (enforcement and penalties); s. 190.047(2), Fla. Stat. (Department of Community Affairs monitors status of district for certain purposes).
[7] Compare, s. 190.005(1)(b)1., Fla. Stat., requiring that a filing fee of $15,000.00 be paid to the county and to each municipality "the boundaries of which are contiguous with, or contain all or a portion of the land within, the external boundaries of the district[;]" and s.190.046(1)(d)2., Fla. Stat., requiring a filing fee of $1,500.00 to each of these local governmental units when the board petitions to contract or expand the boundaries of the community development district.
[8] See Art. VIII, s. 2, Fla. Const., and Ch. 166, Fla. Stat.
[9] See s. 190.004, Fla. Stat., entitled "Preemption; sole authority[.]"